```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
   SAMANTHA HENRY,                                          :
                                                            :   **MEMORANDUM**
                                      Plaintiff,            :   **DECISION AND ORDER**
                                                            :
              - against -                                   :   15 Civ. 3369 (BMC) (RLM)
                                                            :
   STATEN ISLAND DDSO,                                      :
                                                            :
                                      Defendant.            :
                                                            :
                                                            :
----------------------------------------------------------- X
```

**COGAN, District Judge.**

Plaintiff brought this action *pro se* under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII"). By Order dated July 2, 2015, I dismissed her complaint with leave to amend under 28 U.S.C. § 1915(e)(2)(B)(ii) on the ground that it failed to state a claim upon which relief may be granted. In essence, as set forth in the July 2nd Order, plaintiff complained that she was treated unfairly in her workplace, and attributed her mistreatment to her "questioning unethical procedures being implemented within the habilitation program placing our service recipients' wellbeing [sic] at risk." She alleged that because of her "vast knowledge of protocols," when she began "questioning the discrepancies rampant" within her employer, she "became the target of retaliation and termination."

I explained to her in the July 2nd Order that Title VII does not cover her situation as alleged. Rather, the statute makes it "an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, *because of such individual's race, color, religion, sex, or national origin.*" 42 U.S.C. § 2000e–2(a)

(emphasis added); see also Brown v. City of Syracuse, 673 F.3d 141 (2d Cir. 2012); Cabey v. ATRIA Senior Living, No. 13-cv-3612, 2014 WL 794279 (E.D.N.Y. Feb. 26, 2014). Plaintiff was not alleging that she was mistreated because of her race, color, religion, sex, or national origin. She was alleging that she was mistreated because she complained that her employer's clients were not being treated in compliance with legal requirements – and not because of the clients' race, color, religion, sex, or national origin, but just, presumably, because her employer did not want to spend the money for the additional staffing that plaintiff felt was required.

Plaintiff has now retained an attorney who has filed an amended complaint on her behalf. It is subject to the same standard of review as I set forth in the July 2nd Order, except that she is no longer entitled to the extra indulgence accorded a *pro se* litigant. That standard requires that "the Court assume[] the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662 (2009)). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). This means that plaintiff must provide "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

Plaintiff's represented amended complaint does not cure the deficiencies in her original *pro se* complaint. The amended complaint again alleges that she is a member of a protected class – "African American … female[]", but that still does not appear to have anything to do with her Title VII claim. She is not complaining that either she or her employer's clients were mistreated because of their race or gender. Instead, as set forth in six self-styled "incidents," the amended complaint alleges that (1) she was wrongfully written up for sleeping on duty; (2) she

complained about inadequate staffing for her disabled charges; (3) her schedule was changed without notification; (4) she was criticized for feeding a student in her classroom when in fact it was an aide in the classroom who fed the student; (5) when an inspector came to visit, plaintiff's supervisor removed documents or notations from her record book in which she had complained about inadequate staffing; and (6) she was criticized for not timely submitting records but in fact, she was out on worker's compensation.

According to the amended complaint, plaintiff filed two grievances challenging her discipline for some or all of these incidents. She prevailed in the first grievance hearing. In the second grievance hearing, she complained that the removal of her notations of inadequate staffing from her record book violated the law (which law is never stated, but there may be some law). The amended complaint does not set forth the result of the second grievance hearing, but it does allege that about a month later, she was fired.

The amended complaint repeatedly, although vaguely, refers to defendant as having retaliated against plaintiff for engaging in "protected activity." This presumably refers to her complaint about removing documents from her record book. No racial or gender-based motive is ascribed to defendant for this action. But Title VII is clear that "protected activity" only consists of complaints about racial, gender, religious, national origin, or color discrimination. This is pursuant to Section 704(a) of Title VII, which makes it unlawful "for an employer to discriminate against any ... employee[ ] ... because [that individual] opposed any practice" made unlawful by Title VII. 42 U.S.C. § 2000e-3(a). There is nothing in Title VII that makes it unlawful for an employer to alter records for non-discriminatory reasons.

All four Title VII claims in the amended complaint – labeled "Retaliation;" "Hostile Work Environment;" "Disparate Treatment;" and "Retaliatory Discharge," suffer from this

3

deficiency. That is, they have nothing to do with Title VII's protected categories. They each therefore fail to state a claim, and they are dismissed.

The only other change in the amended complaint is that plaintiff has added a claim under the Family and Medical Leave Act, 29 U.S.C. § 2611. In the most conclusory terms, it alleges, inconsistently with her Title VII claims, that the only reason she was terminated was because she took medical leave. These conclusory allegations do not come near to satisfying the requirements of <u>Iqbqal</u> and <u>Twombly</u> that a plaintiff must allege facts supporting the conclusion. There is not a single fact set forth in the amended complaint that would indicate that defendant was hesitant, reluctant, upset or concerned with plaintiff having taken leave, whether before, during or after the time in which she took it. The only allegation that conceivably touches on this is that she was "written up" for not maintaining documentation while she was on leave, but this is belied by her allegation that the write up occurred after she had returned to work.

Moreover, plaintiff does not allege facts sufficient to state that she is a covered employee eligible for protection under the FMLA, and the facts that she does allege show that she is not. To be a covered employee, a person must have worked for the covered employer (1) for at least one year; (2) for at least 1,250 hours in the twelve months preceding the medical leave; and (3) at a location with at least 50 employees in a 75 mile radius. 29 U.S.C. § 2611(2); <u>see</u> <u>also</u> <u>Porter v. Donahoe</u>, 484 F. App'x 589 (2d Cir. 2012). Plaintiff alleges that she was hired on November 28, 2013, and that she took medical leave beginning on April 17, 2014, less than five months later. Plaintiff, in her own words, does not meet the requirements to be a covered employee under the FMLA. Accordingly, plaintiff has failed to state a claim under the FMLA, and it is dismissed.

Finally, the amended complaint contains one claim under state law and one claim under New York City law. Since I am dismissing all of plaintiff's federal claims at the earliest stage of

4

the case, the state law claims are dismissed without prejudice to recommencement in an appropriate state or local court. See 28 U.S.C. § 1367(c)(3); United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966) ("[I]f the federal law claims are dismissed before trial ... the state claims should be dismissed as well.").

The Clerk is directed to enter judgment accordingly. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438 (1962).

**SO ORDERED.**

                                                    U.S.D.J.

Dated: Brooklyn, New York
        October 11, 2015